IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**ANTHONY JAMES BRAXTON,**

    **Plaintiff,**

**v.**                                                                    **Case No. 2:18-cv-00585**

**DETECTIVE C.A. YOUNG,** *et al.*,

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On April 17, 2018, the plaintiff, Anthony James Braxton, who is proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 against various defendants, arising out of the allegedly improper forfeiture of United States currency seized from the plaintiff's residence. (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs and service of process.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct." *Id.* at 678. Likewise, if the court determines at any time that it lacks subject matter jurisdiction over a claim or action, it must dismiss the same. *See* Fed. R. Civ. P. 12(h)(3).

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted against Magistrate Leonard Bickford[1] and the West Virginia State Police, those defendants have not been served with process and should not be required to appear or defend this matter.

## THE PLAINTIFF'S ALLEGATIONS

The plaintiff's Complaint alleges that, on two separate occasions, Magistrate Leonard Bickford, a Fayette County Magistrate, issued search warrants for the plaintiff's residence upon warrant applications submitted by two police officers working with the Central West Virginia Drug and Violent Crime Task Force on suspicion of delivery of a controlled substance, in violation of West Virginia Code § 60A-4-401, which led to the seizure of approximately $4,000 in United States currency. The plaintiff claims that he was never criminally prosecuted on this basis, and that the currency was improperly forfeited as part of a money-making scheme among the defendants, who engaged in a racially-based conspiracy to obstruct justice. The plaintiff further alleges that the conduct of the defendants violated his rights to due process and equal protection under the Fourteenth Amendment. He further alleges that the West Virginia Contraband Forfeiture Act, W. Va. Code § 60A-7-701, *et seq.*, is unconstitutional, as applied, under the Fourth, Fifth, Sixth, and Fourteenth Amendments. The plaintiff seeks money damages and

---

[1] This defendant's last name was improperly spelled as "Brickford" in the Complaint.

declaratory relief concerning the constitutionality of the West Virginia Contraband Forfeiture Act.

## ANALYSIS

With respect to the allegations contained in the Complaint concerning Magistrate Leonard Bickford, Magistrate Bickford was a judicial officer who was engaged in his official judicial duties in connection with the issuance of the search warrants for the plaintiff's residence. It is firmly settled that judicial officers are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The *Pierson* Court further found that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id*. Thus, the plaintiff's claims against Magistrate Bickford should be dismissed with prejudice because they are barred by absolute judicial immunity.

Additionally, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state.

4

*Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

County magistrates are supervised by the Supreme Court of Appeals of West Virginia and are, thus, considered state officials. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Magistrate Bickford, in his official capacity, is not a proper party who can be sued under 42 U.S.C. § 1983 and is immune from liability for monetary damages under the Eleventh Amendment.

The same is true for the West Virginia State Police. As an agency of the State of West Virginia, the West Virginia State Police is also entitled to immunity from suit in federal court under the Eleventh Amendment and is not a "person" who can be sued under section 1983.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Magistrate Bickford and the West Virginia State Police.

## **RECOMMENDATION**

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint (ECF No. 2) fails to state a claim upon which relief can be granted against Magistrate Leonard Bickford and the West Virginia State Police. Accordingly, it is respectfully **RECOMMENDED** that the presiding District

Judge **DISMISS** those defendants pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and leave this matter referred to the undersigned for additional proceedings concerning the plaintiff's claims against the other defendants named in the Complaint.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff, and to include a copy thereof with the service packets for the defendants upon whom service of process has been ordered.

<u>May 1, 2019</u>

Dwane L. Tinsley
United States Magistrate Judge