```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON


ANTHONY JAMES BRAXTON,

        Plaintiff,

v.                                  Civil Action No. 2:18-cv-00585

DETECTIVE C.A. YOUNG, et al.,

        Defendants.
```

### MEMORANDUM OPINION AND ORDER

Pending are motions to dismiss filed June 12, 2019 by defendants Fayette County Commission ("Fayette County") and Fayette County Sherriff Mike Fridley ("Fridley") (ECF No. 13), Larry E. Harrah ("Harrah") and Brian D. Parsons ("Parsons") (ECF No. 15), W.R. Callison ("Callison") (ECF No. 17), and C.A. Young ("Young") (ECF No. 19).

### I.  Background

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On May 1, 2019, the magistrate judge entered his PF&R recommending that the court dismiss plaintiff's complaint as to

defendants Magistrate Leonard Bickford and the West Virginia State Police for failure to state a claim upon which relief can be granted. <u>See</u> ECF No. 7. Neither party has objected to this PF&R.

On November 15, 2019, the magistrate judge entered a second PF&R recommending that the court grant the motion to dismiss filed by Fayette County and Fridley, grant in part and deny in part the motion to dismiss filed by Harrah and Parsons, grant in part and deny in part the motion to dismiss filed by Callison, grant the motion to dismiss filed by Young, and dismiss plaintiff's complaint as to defendants Central West Virginia Drug Task Force Corporation ("CWVDTFC"); Oak Hill City Police Department; Fayetteville City Police Department; City of Oak Hill, West Virginia; City of Fayetteville, West Virginia; Mount Hope City Police Department; City of Mount Hope; Ansted City Police Department; City of Ansted; Gauley Bridge City Police Department; City of Gauley Bridge; Nicholas County Commission; Nicholas County Sheriff Department; Summersville City Police Department; City of Summersville, West Virginia; Richwood City Police Department; City of Richwood; Clay County Commission; Clay County Sheriff Department; Webster County Commission; Webster County Sheriff Department; City of Webster Spring, West Virginia; Webster Spring City Police Department;

City of Cowen, West Virginia; Pocahontas County Commission; Pocahontas County Sheriff Department; Marlinton City Police Department; City of Marlinton, West Virginia; and the estate of Steve Kessler ("Kessler").  See ECF No. 32.

On December 2, 2019, plaintiff filed objections regarding Fridley, Harrah and Parsons, Callison, CWVDTFC (and all of its named defendant members), Young, and Kessler.  On December 5, 2019, Callison, Harrah and Parsons, Fridley, and Young all filed responses opposing plaintiff's objections.

## II.  Discussion

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, plaintiff had 17 days from the date of filing the PF&R within which to file with the Clerk of this Court specific written objections that identify the portions of the PF&R to

which objection is made and the basis of such objection. The 17 days included 14 days for the filing of objections and an additional three days for service and mailing. See ECF No. 32 at 24-25. Therefore, the filing deadline was December 2, 2019. Insofar as Young argues that plaintiff's objections are time-barred, see ECF No. 51 at 2-3, the court deems the objections timely filed.

    A. <u>Fayette County and Fridley</u>

The magistrate judge found that plaintiff failed to state a claim against Fayette County and Fridley because plaintiff "alleges no facts about them at all," let alone a policy or custom that led to the deprivation of his constitutional rights or "that Fridley was personally involved in the events detailed in the complaint or otherwise directed them so as to render him the source of any such policy or custom." ECF No. 32 at 12-13. Plaintiff filed objections regarding Fridley in which plaintiff adds allegations as to show Fridley's role in conspiring to target plaintiff. See ECF No. 35.

However, the complaint itself does not contain any of these allegations or any facts to support plaintiff's claims against Fridley. The court cannot consider these new allegations in evaluating the motion to dismiss as it is

"axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." See Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (quoting Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989)); Car Carriers v. Ford Motor Co., 745 F. 2d 1101, 1107 (7th Cir. 1984) ("[C]onsideration of a motion to dismiss is limited to the pleadings."). Accordingly, plaintiff's objections as to Fridley are without merit and no objection is made as to the dismissal of Fayette County.

    B. Harrah and Parsons

    Next, plaintiff objects to the magistrate judge's finding that Harrah and Parsons are entitled to absolute prosecutorial immunity with respect to plaintiff's claims that they unlawfully prepared and proposed a settlement agreement and served discovery requests in the litigation plaintiff filed in Fayette County Circuit Court. See ECF No. 32 at 15; ECF No. 36. In his objections to the PF&R, plaintiff provides allegations regarding the seizure of his property and the events surrounding the settlement agreement without addressing the concept of absolute prosecutorial immunity or disputing its application here. ECF No. 36. Accordingly, the court finds that

plaintiff's objections as to Harrah and Parsons are without merit.

    C. <u>Callison</u>

The November 15, 2019 PF&R also recommended denying Callison's motion to dismiss in part and granting it in part insofar as Callison is entitled to qualified immunity with respect to his alleged failure to provide a property receipt on February 15, 2017 in the execution of a search warrant signed that same date.  ECF No. 32 at 4, 19-20.  The PF&R found that "[t]o the extent Callison's failure to provide a property receipt to Plaintiff during the execution of the search warrant constitutes a constitutional violation, Plaintiff's right to receive a property receipt was not clearly established on February 15, 2017."  <u>Id.</u> at 19.  In his objections regarding Callison, plaintiff states that he was denied the opportunity to challenge the constitutionality of Callison's actions of February 15, 2017 in the state court action, but he does not address the concept of qualified immunity or dispute its application here.  <u>See</u> ECF No. 37.  Inasmuch as plaintiff does not state any specific objections to the PF&R's findings, this objection is denied.

### D. CWVDTFC and All of Its Named Defendant Members

Regarding CWVDTFC and all of its named defendant members, plaintiff filed objections alleging that he can show through discovery that the property seized by Young on April 18, 2016 and Callison on February 15, 2017 was placed into CWVDTFC's bank account to the benefit of its members named in this suit. See ECF No. 38. Plaintiff argues that CWVDTFC "is liable because they knew at the briefings before the execution of the [April 18, 2016 and February 15, 2017] search warrant[s]" that the officers had no evidence. Id. However, plaintiff does not address the magistrate judge's finding that the complaint lacks any allegations about the actions of CWVDTFC and its named defendant members. See ECF No. 32 at 22-23. Inasmuch as plaintiff's newly added allegations cannot save the complaint, these claims warrant dismissal as to CWVDTFC and all of its named members.

### E. Young

Regarding Young's motion to dismiss, the magistrate judge found that plaintiff's constitutional challenges to the April 18, 2016 search warrant and execution that resulted in Young's alleged seizure of $4,400 from plaintiff are barred by res judicata because plaintiff could have, but did not, raise these claims in the proceeding filed in state court under West

Virginia Rule of Criminal Procedure 41(e).  See ECF No. 32 at 21–22 (citing Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc., 803 S.E.2d 519, 530 (W. Va. 2017)); Syl. Pt. 1, Pristine Pre-Owned Auto, Inc. v. Courrier, 783 S.E.2d 585, 586 (W. Va. 2016) ("When a party against whom no criminal charges have been brought seeks the return of seized property, such person should file, in the circuit court of the county in which the property was seized, a complaint seeking the return of such property under West Virginia Rule of Criminal Procedure 41(e).").

Plaintiff objects that while it "might be true to most cases" that Young cannot be named in a subsequent related lawsuit, plaintiff was denied due process because he "was never given a hearing to present any or all of the facts in this state court" action.  ECF No. 39.  The objection as to the lack of a hearing in the state court action does not address or dispute the PF&R's finding of res judicata.  Accordingly, plaintiff's objections regarding Young's motion to dismiss are denied.

## F. Kessler

Finally, the magistrate judge found that the § 1983 claims against Kessler's estate do not survive his death.  See ECF No. 32 at 23.  Plaintiff does not dispute the applicability of West Virginia's wrongful death statute, which provides that a cause of action "may be revived against the personal

representative of the wrongdoer and prosecuted to judgment and execution" if it was brought prior to the wrongdoer's death. See W. Va. Code § 55-7-8a(d).

Rather, plaintiff's objection states that he has a right to name Kessler in this case because Kessler, as Fayette County Sheriff, acted to prevent plaintiff from naming Kessler as a defendant in the state action before his death. See ECF No. 40. Inasmuch as plaintiff did not bring this action until after Kessler's death and provides no basis to preclude the application of the wrongful death statute, the magistrate judge properly found that plaintiff's complaint as to Kessler's estate must be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

The court, accordingly, ORDERS as follows:

1. That plaintiff's objections to the PF&R entered November 15, 2019 be, and they hereby are, overruled.

2. That the magistrate judge's PF&Rs entered May 1, 2019 and November 15, 2019 be, and they hereby are, adopted and incorporated in full.

3. That plaintiff's complaint be, and it hereby is, dismissed as to defendants Magistrate Leonard Bickford and the West Virginia State Police.

4. That the motion to dismiss filed by Fayette County and Fridley (ECF No. 13) be, and it hereby is, granted, and that these parties be, and they hereby are, dismissed from this action.

5. That the motion to dismiss filed by Harrah and Parsons (ECF No. 15) be, and it hereby is, granted in part inasmuch as Harrah and Parsons are entitled to absolute prosecutorial immunity with respect to plaintiff's claims related to the discovery requests and the settlement agreement, and otherwise denied.

6. That the motion to dismiss filed by Callison (ECF No. 17) be, and it hereby is, granted in part insofar as Callison is entitled to qualified immunity with respect to his alleged failure to provide a property receipt, and otherwise denied.

7. That the motion to dismiss filed by Young (ECF No. 19) be, and it hereby is, granted, and that Young be, and hereby is, dismissed from this action.

8. That plaintiff's complaint be, and it hereby is, dismissed as to defendants CWVDTFC; Oak Hill City Police Department;

Fayetteville City Police Department; City of Oak Hill, West Virginia; City of Fayetteville, West Virginia; Mount Hope City Police Department; City of Mount Hope; Ansted City Police Department; City of Ansted; Gauley Bridge City Police Department; City of Gauley Bridge; Nicholas County Commission; Nicholas County Sheriff Department; Summersville City Police Department; City of Summersville, West Virginia; Richwood City Police Department; City of Richwood; Clay County Commission; Clay County Sheriff Department; Webster County Commission; Webster County Sheriff Department; City of Webster Spring, West Virginia; Webster Spring City Police Department; City of Cowen, West Virginia; Pocahontas County Commission; Pocahontas County Sheriff Department; Marlinton City Police Department; City of Marlinton, West Virginia; and the estate of Kessler. It is further ORDERED that these parties be, and they hereby are, dismissed from this action.

9. That this case be, and hereby is, again referred to United States Magistrate Judge Dwane L. Tinsley for additional proceedings as to defendants Harrah, Parsons, and Callison.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: March 27, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge