IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY JAMES BRAXTON,

        Plaintiff,

v.                                       CIVIL ACTION NO. 2:18-cv-00585

LARRY E. HARRAH, et al.,

        Defendants.

**ORDER**

Before this Court are the three motions filed by Plaintiff Anthony James Braxton ("Plaintiff") on December 2, 2019, and December 10, 2019. (ECF Nos. 34, 41, 52.)

Plaintiff first asks this Court to appoint him counsel to negotiate a settlement agreement. (ECF No. 34.) Although a litigant in a civil matter such as this one "ha[s] no constitutional right to counsel," *Underwood v. Beavers*, 711 F. App'x 122, 123 (4th Cir. 2017) (per curiam), this Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). "The decision to appoint counsel is committed to the district court's discretion, 'but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances.'" *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (quoting *Whisenant*, 739 F.2d at 163). "[T]he existence of exceptional circumstances turns on (1) the type and complexity of the case and (2) the capabilities of the individual bringing it." *Id.* (citing *Whisenant*, 739 F.2d at 163). To that end, "[c]ounsel should be requested if it is apparent that a pro se litigant has a colorable claim

but lacks the capacity to present it." *Id.* (alterations and internal quotation marks omitted). In this case, as demonstrated by the fact that Plaintiff's *pro se* complaint survived the motions to dismiss filed by the defendants in this matter, and the fact that Plaintiff is presently pursuing discovery from those defendants, Plaintiff appears capable of prosecuting this action on his own behalf without the aid of counsel. Moreover, this action, which is based on an allegedly unlawful search warrant and the allegedly wrongful seizure of Plaintiff's property, is neither so legally nor factually complex as to constitute "exceptional circumstances" warranting the appointment of counsel. As such, the motion to appoint counsel (ECF No. 34) is **DENIED**.

Plaintiff next asks this Court to obtain and "enter into evidence . . . the whole record" of Civil Action No. 17-p-45-h in the Circuit Court of Fayette County, West Virginia. (ECF No. 41.) "This Court may properly take judicial notice of state court proceedings; particularly, when such proceedings are 'relevant and critical' to the matter at issue." *Wei-Ping Zeng v. Marshall Univ.*, No. 3:17-cv-03008, 2020 WL 372483, at *2 (S.D.W. Va. Jan. 22, 2020) (quoting *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)); *see* Fed. R. Evid. 201. Therefore, if this Court determines that it is necessary to consider the proceedings in the case referenced in Plaintiff's motion, this Court may take judicial notice of those proceedings notwithstanding Plaintiff's ability to pay for obtaining the record from the Circuit Court of Fayette County. However, it does not appear that the proceedings need to be obtained and docketed in this case at this time. To that end, Plaintiff's motion (ECF No. 41) is **DENIED**.

Finally, Plaintiff requests an order directing Defendant Larry E. Harrah ("Harrah") to preserve documentation reflecting "civil forfeiture cases," "civil forfeiture settlement agreements," "citizen complaints," and "retention policies and practices" dating from

2007 until the present. (ECF No. 52.) Plaintiff claims that Harrah planned to destroy these records upon his retirement on December 31, 2019. (*Id.*) However, as of the date this action was filed, if not before, Harrah was obligated to preserve any records relevant to Plaintiffs' claims. *See* In re *Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 511 (S.D.W. Va. 2014) (quoting *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001)). A failure to do so, if shown, may result in spoliation sanctions. *Id.* Insofar as Plaintiff's motion is consistent with Harrah's general duty to preserve records that may be pertinent to this litigation, the motion (ECF No. 52) is **GRANTED**. However, in granting the motion, the undersigned makes no determination about whether the specific documents Plaintiff requests to be preserved, to the extent they exist, are relevant and discoverable in this action.

    **IT IS SO ORDERED**.

    The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

    ENTER:     May 29, 2020

Dwane L. Tinsley
United States Magistrate Judge