IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY JAMES BRAXTON,

          Plaintiff,

v.                            CIVIL ACTION NO. 2:18-cv-00585

LARRY E. HARRAH, et al.,

          Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) Before this Court are the motions for summary judgment filed by Defendants Larry E. Harrah ("Harrah") and Brian D. Parsons ("Parsons") (ECF No. 151) and by Defendant W.R. Callison ("Callison") (ECF No. 153.) Also before this Court are motions titled "Plaintiff's Constitutional Question" (ECF No. 156) and "Plaintiff's Constitution Challenge to West Virginia Contraband Forfeiture Act" (ECF No. 157) filed by Plaintiff Anthony James Braxton ("Plaintiff"). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that the motions for summary judgment filed by Harrah, Parsons, and Callison (ECF Nos. 151, 153) be **GRANTED** in their entirety and that Plaintiff's motions (ECF Nos. 156, 157) be **DENIED**.

## I.     BACKGROUND

Plaintiff initially brought this action against Harrah, Parsons, Callison, and a host of other defendants, alleging 42 U.S.C. § 1983 claims for federal constitutional violations and claims for violations of the West Virginia Constitution. (ECF No. 2.) The undersigned filed two Proposed Findings & Recommendations recommending dismissal of the majority of Plaintiff's claims (ECF Nos. 7, 32), which the presiding District Judge adopted in full (ECF No. 53). The allegations in the complaint are described at length in the Proposed Findings & Recommendations and will not be repeated herein.

Harrah, Parsons, and Callison filed their motions for summary judgment on October 22, 2020. (ECF Nos. 151, 153.) Plaintiff timely responded (ECF Nos. 158, 159), and Harrah, Parsons, and Callison timely replied (ECF No. 160, 161). Plaintiff filed his motions titled "Plaintiff's Constitutional Question" (ECF No. 156) and "Plaintiff's Constitution Challenge to West Virginia Contraband Forfeiture Act" (ECF No. 157) on November 3, 2020. Harrah, Parsons, and Callison timely responded. (ECF No. 162.) Plaintiff did not file a reply. Accordingly, the four motions are fully briefed and ready for resolution.

## II.     LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material when it 'might affect the outcome of the suit under the governing law.'" *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine dispute arises when 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Thus, at

the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

"The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . . ." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). In ruling on a motion for summary judgment, this Court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013)).

### III.   ANALYSIS

A. *Plaintiff has not offered any evidence to support his claims against Harrah and Parsons.*

Plaintiff's remaining claims against Harrah and Parsons are based on an alleged conspiracy to advise the local police about seizing funds via the West Virginia Contraband Forfeiture Act ("WVCFA"), W. Va. Code § 60A-7-701, *et seq.*, and their alleged use of the funds to endow the re-election campaigns of various public officials. (*See* ECF No. 32 at 7–9, 13–15; ECF No. 53 at 5–6, 9–10.) But he has provided no evidence, aside from his own bald statements, to establish that Harrah and Parsons engaged in such conduct. In fact, he testified at his deposition that he had neither personally witnessed Harrah or Parsons giving advice to law enforcement officers nor spoken to anyone who had. (ECF No. 151-3 at 3–4.) In opposing Harrah's and Parsons's motion, Plaintiff simply recounts

3

the allegations in his complaint[1] without substantiating them. (ECF No. 158.) To withstand a motion for summary judgment, Plaintiff "cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion." *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) (quoting *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)); *see* Fed. R. Civ. P. 56(c) (providing that summary judgment arguments must "cit[e] to particular parts of materials in the record"). In other words, "unsupported speculation . . . is not sufficient to defeat a summary judgment motion." *Turley v. Costco Wholesale Corp.*, 220 F. App'x 179, 181 (4th Cir. 2007) (per curiam) (quoting *Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411–12 (4th Cir. 1986)).

Plaintiff has proffered his own sworn declaration stating that the former sheriff of Fayette County, West Virginia, stopped by his house on several occasions and told him that the money the police seized from him "was spent to buy things for law enforcement" and to support Fayette County public officials' election campaigns. (ECF No. 158-1 at 8–9.) He has also proffered a second sworn declaration in which he states that various unnamed individuals told him that law enforcement officers took money and other items from them during searches of their vehicles and homes. (*Id*. at 15.) These assertions are hearsay: they are out-of-court statements that Plaintiff "offers in evidence to prove the truth of the matter[s] asserted in the statement[s]." Fed. R. Evid. 801(c).

---

[1] Plaintiff also purports to assert, in his briefs opposing both motions for summary judgment, additional claims that were not articulated in his complaint. (ECF No. 158 at 4–6; ECF No. 159 at 7–8; *see* ECF No. 2.) But "parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013); *Caudill v. CCBCC, Inc.*, 651 F. Supp. 2d 499, 510 (S.D.W. Va. 2009) ("[A] plaintiff may not amend her complaint through argument in a brief opposing summary judgment." (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004))). And to allow Plaintiff to amend his complaint now, months after the close of discovery and after motions for summary judgment have been fully briefed, would unduly prejudice Harrah, Parsons, and Callison. *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (affirming district court's denial of leave to amend complaint "after the close of a three-year long discovery process and on the eve of the deadline for dispositive motions").

"[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment." *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991); *see* Fed. R. Evid. 802. As such, the declarations Plaintiff proffers are insufficient to overcome Harrah's and Parsons's motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Therefore, even assuming that providing advice to law enforcement about property forfeiture and using seized property to finance public officials' re-election campaigns violate the federal and West Virginia constitutions, Plaintiff has not shown that Harrah and Parsons actually did so. "The summary judgment inquiry . . . scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993). Because Plaintiff has not demonstrated that he can meet this burden, the undersigned **FINDS** that Harrah and Parsons are entitled to summary judgment in their favor as to all of Plaintiff's claims against them.

B. *Plaintiff's claims against Callison fail.*

Plaintiff's remaining claims against Callison are based on his alleged involvement in a racially motivated conspiracy to search Plaintiff's home and seize his property, his alleged use of false information in the affidavit used to obtain the warrant authorizing the February 15, 2017 search of Plaintiff's residence, and his alleged failure to knock and announce his presence when executing that warrant. (ECF No. 32 at 7–9, 15–20; ECF No. 53 at 6, 9–10.) Turning first to the conspiracy claim, Plaintiff has not offered any

evidence that such a conspiracy existed. He reiterates the allegations from his complaint that Callison was a "hit man" who was "sent to [Plaintiff's] home to murder [him]" and proffers Callison's admission that he visited Plaintiff's home to corroborate that assertion. (ECF No. 159 at 2.) Callison indeed admitted that "he spoke to the Plaintiff in the course of an under cover [sic] investigation of suspected drug activity in the area," but he denied "that he was specifically trying to get the Plaintiff to admit to criminal activity." (ECF No. 159-1 at 14.) And Plaintiff has not pointed to any evidence in the record to demonstrate that Callison made an agreement with the magistrate who signed the February 15, 2017 search warrant. "Mere speculation" like the arguments Plaintiff advances to support his conspiracy claim is insufficient to defeat Callison's motion for summary judgment. *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001) (citing *Cox v. Cty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001)).

Plaintiff's claim that Callison's affidavit for the search warrant included false information is likewise baseless. He contends that Callison "made up" a controlled purchase of drugs on February 15, 2017, to manufacture the probable cause necessary for the search warrant for his residence. (ECF No. 159 at 3.) However, Callison's affidavit is based on a sale that occurred on February 13, 2017. (ECF No. 153-5 at 11–12.) Plaintiff seems to acknowledge that the February 13, 2017 controlled buy happened. (ECF No. 159 at 3; ECF No. 159-1 at 30.) He nevertheless suggests, contrary to an assertion made in the affidavit, that he did not sell drugs to the individual who in turn sold them to Callison and a confidential informant. (ECF No. 159 at 3.) The uncontroverted evidence in the record indicates that on February 13, 2017, the individual brought Callison and the confidential informant to Plaintiff's house, exited the vehicle, and returned a short time later with heroin. (ECF No. 153-1 at 4; *see* ECF No. 153-2 at

6

10.) Regardless of whether Plaintiff actually sold that individual heroin on that date, these facts, which tend to show that a drug transaction took place at Plaintiff's residence, are sufficient to support probable cause for the search warrant. *See United States v. Dowdell*, 546 F. App'x 128, 132–33 (4th Cir. 2013) (finding probable cause for search warrant in part because "law enforcement officials observed a purported drug transaction between Bowman and Brockington immediately outside the [location searched] and found drugs on Brockington after stopping her"); *United States v. Thompson*, 972 F.2d 344 (4th Cir. 1992) (per curiam) (table), 1992 WL 182812, at *2 (holding that probable cause for search warrant existed "where a reliable informant had observed a drug sale [at the location searched] within seventy-two hours of the issuance of the search warrant"). Moreover, Callison's inference that the individual purchased the heroin from Plaintiff was a pragmatic one given that the transaction took place at Plaintiff's residence, where he testified that he lives alone. (ECF No. 153-2 at 3.) Plaintiff has not shown that Callison made this statement to intentionally or recklessly mislead the magistrate so as to establish a constitutional violation. *See United States v. Moody*, 931 F.3d 366, 373 (4th Cir. 2019) (holding that affiant's erroneous statement that defendant sold drugs "directly" from his home did not negate warrant because statement not intended to mislead and not material to probable cause).

Finally, Plaintiff has not demonstrated that Callison did not first knock on Plaintiff's door and announce his presence before entering Plaintiff's home while executing the search warrant on February 15, 2017. Callison has proffered an affidavit stating, "Upon arriving [at Plaintiff's address], we went up to the front door, knocked, and announced ourselves." (ECF No. 153-6 at 3.) He also avers, "After receiving no response to our knock-and-announce, one officer broke a window in order to distract

7

attention away from the door for officer safety, and another officer breached the door." (*Id.*)  Plaintiff, on the other hand, has proffered his own declaration stating that he was standing "about 10 to 12 feet from [his] window that was broken" and "5 or 6 feet away from the door."  (ECF No. 159-1 at 29.)  Noticeably absent from the declaration are any statements that Callison and the other officers who executed the search warrant failed to knock on the door and announce their presence.  (*Id.*)  Therefore, the only evidence admissible at the summary judgment stage that is before this Court shows that Callison complied with the knock-and-announce requirement while executing the search warrant on February 15, 2017.

For these reasons, the undersigned **FINDS** that Callison is entitled to summary judgment in his favor as to all of Plaintiff's claims against him.

C. *Plaintiff's motions lack merit.*

Harrah, Parsons, and Callison have interpreted the documents titled "Plaintiff's Constitutional Question" (ECF No. 156) and "Plaintiff's Constitution Challenge to West Virginia Contraband Forfeiture Act" (ECF No. 157) as motions for declaratory judgment and argue that they are untimely because they were filed after the dispositive motions deadline in this Court's scheduling order.  (ECF No. 162 at 1–2.)  The undersigned instead construes these documents as motions for summary judgment because they relate to claims Plaintiff raised in his complaint.  Plaintiff's motions were indeed filed after the deadline for summary judgment motions set forth in this Court's scheduling order.  (ECF No. 57 at 2.)  Even if they were timely, however, the motions are without merit.

The motion titled "Plaintiff's Constitutional Question" seeks a ruling from this Court "that it is a fundamental right to be given a property receipt when searched by law enforcement."  (ECF No. 156 at 1.)  But this Court has already determined that Callison

8

is entitled to qualified immunity on Plaintiff's claim that Callison did not give him a property receipt for funds seized during the February 15, 2017 execution of the search warrant because even if such a right exists, it was not clearly established on that date. (ECF No. 32 at 19–20; ECF No. 53 at 6, 9–10.) To the extent Plaintiff requests that this Court reconsider its disposition of that claim, the undersigned **FINDS** that he has not explained why a different resolution is warranted. *See Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (explaining that this Court "may revise an interlocutory order [pursuant to Federal Rule of Civil Procedure 54(b)] under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice"). Therefore, even if this Court were to conclude that a failure to provide an accounting of items seized during the execution of a search warrant violates the federal Constitution, it would not affect this Court's prior holding that such a right was not clearly established on February 15, 2017. And to the extent Plaintiff now seeks to amend his complaint to add a request for declaratory relief as to this claim, the undersigned **FINDS** that the amendment is inappropriate at this point in the litigation for the reasons explained in note 1, *supra*.

The motion titled "Plaintiff's Constitution Challenge to West Virginia Contraband Forfeiture Act" seeks a ruling from this Court that the WVCFA is unconstitutional. (ECF No. 157.) Plaintiff seems to assert an as-applied challenge to the statute, arguing that it "is use[d] by law enforcement . . . to take people's of color [sic] property in West Virginia." (*Id.* at 1.) As the undersigned has already discussed with regard to Plaintiff's claims against Harrah and Parsons, however, he has not proffered admissible evidence showing that the WVCFA was enforced against him in a racially discriminatory manner. His due

9

process challenge, which appears to stem from a lack of pre-seizure notice that his property was subject to forfeiture, fails because civil forfeiture of personal property "without affording prior notice or hearing" is constitutional. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 52 (1993) (citing *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 678–80 (1974)). And the undersigned has already determined when addressing Plaintiff's claims against Callison that the warrant authorizing the February 15, 2017 search of Plaintiff's residence was valid.

The remainder of Plaintiff's constitutional challenges to the WVCFA were not raised in his complaint but are nonetheless meritless. (*Compare* ECF No. 157, *with* ECF No. 2.) Plaintiff has presented no evidence that Callison attempted to kill him, whether in retaliation for exercising his First Amendment rights or for some other reason, when executing the search warrant. (*See* ECF No. 153-2 at 14–15.) The protections of the federal Constitution's Eighth Amendment apply only to convicted prisoners. *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). The Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Hardway* ex rel. *Hardway v. Lemmon*, No. 2:05-cv-00948, 2006 WL 8438638, at *3 (S.D.W. Va. Dec. 28, 2006) (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986)). And the Thirteenth Amendment has nothing to do with ownership of private property. U.S. Const. amend. XIII. Accordingly, the undersigned **FINDS** that none of the constitutional provisions Plaintiff advances provides a basis for invalidating the WVCFA.

### IV.     RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the motions for summary judgment filed by Harrah, Parsons, and Callison (ECF Nos. 151, 153) be **GRANTED** in their entirety and that Plaintiff's motions (ECF Nos. 156, 157) be **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.    Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.    Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Copenhaver.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.    28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER: March 18, 2021

Dwane L. Tinsley
United States Magistrate Judge