```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**ANTHONY JAMES BRAXTON,**

      Plaintiff,

v.                                Civil Action No. 2:18-cv-00585

**LARRY E. HARRAH, BRIAN D. PARSONS, and W.R. CALLISON,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the motions for summary judgment filed by defendants Larry E. Harrah and Brian D. Parsons and by defendant W.R. Callison, both filed October 22, 2020.  ECF Nos. 151, 153.  Also pending are plaintiff's motions titled "Plaintiff's Constitutional Question," and "Plaintiff's Constitutional Challenge to West Virginia Contraband Forfeiture Act," both filed on November 3, 2020.  ECF Nos. 156, 157.

On March 18, 2021, United States Magistrate Judge Dwane L. Tinsley filed his Proposed Findings and Recommendation ("PF&R") as to the four pending motions.  On April 5, 2021, plaintiff made a filing stylized as a reply to defendants' motions for summary judgment, which the court construes as objections to the PF&R.  ECF No. 167.  On April 12, 2021,

defendants Callison, Harrah, and Parsons filed a response to defendants' reply, arguing the filing is not proper and does not articulate an error of the magistrate judge. ECF No. 172. Plaintiff filed a reply to defendants' response on April 27, 2021. ECF No. 175.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

As to the claims against Harrah and Parsons, the magistrate judge found that plaintiff has not substantiated, with admissible evidence, the alleged conspiracy between these two prosecutors and local police to seize plaintiff's property in violation of the West Virginia Contraband Forfeiture Act ("WVCFA"). The magistrate judge found that plaintiff's sworn declaration which states that the former sheriff of Fayette County, Sheriff Kessler, told plaintiff that the money was seized to buy "things for law enforcement" and to support Fayette County officials' election campaigns constitutes inadmissible hearsay. Plaintiff's objections do not identify

2

admissible evidence that such a conspiracy in fact existed or a hearsay exception that would permit plaintiff to testify to the statements made by the sheriff.  No other evidence supports the existence of such a conspiracy.  Accordingly, the magistrate judge's findings are adopted as to Harrah and Parson's motion, and the claim against those defendants should be dismissed.

Plaintiff brings three claims against Detective Callison concerning the process of obtaining a search warrant to search plaintiff's home and its execution, namely that Detective Callison was involved in a racially motivated conspiracy to search plaintiff's home and seize his property, that he knowingly used false information in an affidavit to obtain a warrant to search plaintiff's residence, and that he failed to knock and announce his presence when executing the warrant.

As to the conspiracy claim, the magistrate judge found that plaintiff had presented no evidence that Detective Callison participated in any such conspiracy, to which plaintiff has not objected.  Similarly, the magistrate judge noted that plaintiff had not identified any evidence that officers failed to knock and announce themselves when executing the search warrant whereas Callison averred that officers did knock on the front door and announce themselves prior to breaching the door.  Plaintiff has not objected to this finding.  Accordingly, the

magistrate judge's findings are adopted as to these two claims, which should be dismissed.

As to the claim that Callison knowingly obtained a search warrant without probable cause, plaintiff claims that the individual who allegedly purchased drugs from plaintiff on February 13, 2017 as part of a controlled drug buy, Aaron Fortner, did not in fact purchase drugs from plaintiff. Rather, plaintiff claims, Fortner took the $90 in pre-marked money that police provided him and simply walked around the outside of plaintiff's home at 1652 Prudence Road, Oak Hill in Fayette County, West Virginia without going inside.

Detective Callison has averred that he gave Fortner the $90, that he witnessed Fortner go around to the back of the building where plaintiff resides, and that Fortner returned with a brown substance in a paper packet which Fortner represented was heroin that he had gotten from the occupant of the building. Callison Aff., ECF No. 153-6. The West Virginia State Police Forensic Laboratory Report determined that the substance was in fact heroin. ECF No. 153-1 at 7. Based on what he had observed, Callison avers that he sought a search warrant grounded in what he believed was a reasonable probability that heroin could be found at the home, where plaintiff has since testified he lives alone. Callison Aff.; Braxton Dep. 6, ECF

4

**No. 153-2. In his affidavit supporting the search warrant, Callison averred as follows:**

> **(D) Your affiant on 02/13/2017 conducted an investigation in Prudence, Oak Hill area which is located in Fayette County, WV. On 02/13/2017, your affiant with the help of a cooperating individual conducted a controlled purchase of Heroin from the residence described in attachment B [1652 Prudence Road].**
>
> **E) On 02/13/2017 your affiant met with cooperating individual, [name redacted] - whom will be referred to as CI from this point forward at an undisclosed location along with Detective Morris also of the Central West Virginia Drug Task Force. I conducted a search of the CI's person and found the CI to be clean and clear of any monies or any drugs.**
>
> **(F) The Affiant and CI met with a male subject by the name of Aaron Fortner "Oggie" on near Summerlee Road where the Affiant transported the CI and "Oggie" to the residence of Anthony Braxton. On arrival at the residence of Anthony Braxton's the Affiant gave "Oggie" $90.00 in prerecorded Task Force money in exchange for $90.00 worth of Heroin a schedule I controlled substance from Anthony Braxton.**
>
> **(G) Once the controlled purchased was made I obtained the evidence from "Oggie"**
>
> **(H) The CI used in this investigation has conducted several controlled purchases of narcotics for the Central West Virginia Drug Task Force. This CI has proven to be credible and reliable to members of the Drug Task Force.**
>
> **(I) The residence located at 1652 Prudence Road Oak Hill, Fayette County, WV is a known "Drug" house. The Central West Virginia Drug Task Force has received numerous complaints of the distribution of controlled substances from this residence.**

**<u>Id.</u>**

Fortner was ultimately indicted for that transaction in the Circuit Court of Fayette County, West Virginia, for the felony offense of delivery of heroin, a Schedule I controlled substance, in violation of W. Va. Code § 60A-4-401, as set forth in Count One of that indictment, to which he pled guilty.[1] See ECF No. 153-3 (Excerpt from Fortner's Plea Hearing). During a colloquy with Judge Blake at his plea hearing, Fortner stated, as set forth in the three-page excerpt from the hearing (ECF No. 153-3), as follows:

> On February 13th, I was at a friend's house and got a call, somebody wanting something. I met them, and they was just out on Summerlee Road. We went to Prudence Road, which is still located in Fayette County. I went to the guy's house and purchased heroin and brought it back to them. And there was a cop and the informant in the car.

Id. Fortner was convicted of the Count I offense by order of the Circuit Court, entered on June 25, 2018. ECF No. 154-4 at 8-14.

Plaintiff fails to provide any evidence that the search warrant was not supported by probable cause. While it does appear that Detective Callison did not personally observe the drug transaction, such personal observation of the drug transaction is not necessary to demonstrate probable cause, as

---

[1] The clerk is directed to file a copy of the indictment as an exhibit.

6

the PF&R found. Moreover, while plaintiff identifies alleged deficiencies in the controlled drug purchase, such as Detective Callison's failure to check Fortner for drugs before the purchase, failure to screen Fortner for drug use, or failure to check Fortner for the pre-marked money, plaintiff has not demonstrated with admissible evidence that any of these failures actually occurred or that any of these steps were necessary to establish probable cause to obtain a search warrant. Accordingly, the court adopts the finding that there was sufficient probable cause to support a search warrant of plaintiff's home and that summary judgment is appropriate as to all claims against Detective Callison.

The PF&R construes plaintiff's motion titled "Plaintiff's Constitutional Question," seeking a court ruling that "it is a fundamental right to be given a property receipt when searched by law enforcement" as a motion for summary judgment, which would be untimely under the court's scheduling order. The magistrate judge aptly concluded that a finding in plaintiff's favor would not modify the court's earlier ruling that Callison is entitled to qualified immunity for the claim that he did not provide a property receipt for funds he allegedly seized. The PF&R found that to the extent plaintiff was attempting to challenge the earlier ruling, he has not given

a reason to revisit that decision.  Plaintiff's objections also do not provide a reason to revisit the earlier decision or why granting his request would not be inconsistent with the earlier order.  Accordingly, plaintiff's motion titled "Plaintiff's Constitutional Question" should be denied.

Finally, as to plaintiff's filing titled "Plaintiff's Constitutional Challenge to West Virginia Contraband Forfeiture Act" seeking to invalidate the statute as violative of the Equal Protection Clause as-applied, of the Due Process Clauses of the Fifth and Fourteenth Amendment, of the Eighth Amendment, of the Ninth Amendment, and of the Thirteenth Amendment, the magistrate judge held that plaintiff provided no admissible evidence supporting the contention that the statute has been applied in a racially discriminatory manner and that the due process clause does not require pre-seizure notice that property is subject to forfeiture.  Plaintiff's objections do not undermine the magistrate judge's findings as to either the Due Process Clauses or the Equal Protection Clause.  As to the remaining challenges to the statute, they do not appear in plaintiff's complaint and are thus improper.  Plaintiff provides no reason to consider arguments which do not appear in his complaint.

Accordingly, it is ORDERED that:

1. Plaintiff's objections to the PF&R be, and they hereby are, overruled;

2. The findings made in the PF&R of the magistrate judge be, and they hereby are, adopted by the court and incorporated herein;

3. Defendants Larry E. Harrah and Brian D. Parsons' motion for summary judgment be, and it hereby is, granted;

4. Defendant W.R. Callison's motion for summary judgment be, and it hereby is, granted;

5. Plaintiff's filings titled "Plaintiff's Constitutional Question" and "Plaintiff's Constitutional Challenge to West Virginia Contraband Forfeiture Act" be, and they hereby are, denied;

6. That this case be referred again to the magistrate judge for any remaining proceedings.

The Clerk is directed to forward copies of this written opinion and order to plaintiff, all counsel of record, and the United States Magistrate Judge.

ENTER: August 12, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge